UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DAVID DELDEBBIO,                          :
                                          :
        Plaintiff,                        :
                                          :
            v.                            :        Case No. 2:06-cv-115
                                          :
JOLENE BLANCHARD,                         :
                                          :
        Defendant.                        :

MEMORANDUM OF DECISION

In this lawsuit arising from a 2003 accident in which

Defendant Jolene Blanchard's vehicle struck Plaintiff David

DelDebbio while he was riding his bicycle, Blanchard moved to

limit the testimony of Robert Bancroft, Ph.D., DelDebbio's expert

regarding lost income.  The Court orally granted Blanchard's

motion in part on June 23, 2008.  On DelDebbio's request for

clarification of its Order in a chambers conference on June 24,

2008, the Court restated its holding and defined the contours of

the testimony it would not allow from DelDebbio and from his

expert.  This memorandum is intended to commemorate the ruling.

As a result of the accident DelDebbio, now 38, has alleged

that he sustained multiple injuries, including a traumatic brain

injury ("TBI").  In support of his TBI claim he has offered the

expert testimony of Michael Long, Ph.D., a neuropsychologist, and

David G. Welch, M.D., a physiatrist, who state that DelDebbio

sustained a TBI that has resulted in some permanent cognitive

impairments.  Dr. Welch opines that as a result of those

impairments DelDebbio will be unlikely to be able to maintain employment in a competitive workplace, because he must work at a slower and more concentrated pace in order to complete tasks.

DelDebbio desires to testify that before the accident he had formed the intention to obtain a master's degree in computer science and become a software engineer, and that since the accident he has enrolled in a master's degree program which is near completion.  He intends to testify that he has looked into consulting in his field, is familiar with the going rate for consultants, and expects to be able to bill a certain number of hours per year at a certain rate.[1]

DelDebbio desires to have Dr. Bancroft testify as to the average salary of a software engineer, and to the difference between what DelDebbio allegedly could have earned at full time employment with a software company and what he expects to earn through his consulting business, discounted to present value, to supply the jury with an estimate of lost earnings.

The Court notes a distinction between a claim of damages in the form of lost earnings, and a claim of damages in the form of lost earning capacity.  Damages for future lost earnings must not be speculative.  *Schnabel v. Nordic Toyota, Inc.*, 721 A.2d 114,

---

[1]  DelDebbio will not be offering a vocational rehabilitation expert to testify concerning his career potential or a connection between his impairment and any impairment of his earning capacity.

121 (Vt. 1998) (citing *Haynes v. Golub Corp.*, 692 A.2d 377, 383 (Vt. 1997)).  Proof can be based on past employment and earnings history, and educational and vocational training, for example. Because DelDebbio was not employed for more than a year before the accident, and had yet to establish a career or profession, in part because he was in the process of switching from sales and marketing to computer technology, he will have difficulty proving any significant amount of lost earnings.

A plaintiff will not be denied the opportunity to prove lost earning *capacity* because the amount is difficult to compute precisely, or because a he has not yet acquired an earning capacity, however.  *See Brueckner v. Norwich Univ.*, 730 A.2d 1086, 1094 (Vt. 1999); see also *Melford v. S.V. Rossi Const. Co.*, 303 A.2d 146, 148 (Vt. 1973) ("A person is not deprived of the right to recover damages for loss of earning capacity, . . . by the fact that at the time of the injury he is not engaged in any particular employment.") (quotation omitted).

Nevertheless, proof of loss of earning capacity must be supported by admissible evidence and may not be based on undue speculation.  Although DelDebbio's lack of significant recent employment history--including the lack of any employment history in his chosen profession--do not preclude him from seeking damages for lost earning capacity, these factors complicate his burden to establish his potential earning capacity.  Moreover,

DelDebbio apparently does not have a witness who can testify concerning the physical and mental requirements of a career in software engineering and how his limitations may affect his earning capacity in his chosen field.

Accordingly, DelDebbio may testify concerning his career goals and ambitions before and after the accident, the steps he has taken to fulfill those goals, and the delay he has experienced due to his injuries.  He may testify generally about the steps he intends to take to accommodate the limitations about which his experts have testified, such as his intention to establish a consulting business or to bill for less than the full amount of time he has to spend on a task.  He is not qualified to testify concerning the software consulting business, and any testimony on that subject will not be allowed, including any actual amount he intends to bill, either in hours or in dollars. He also cannot testify to marketplace conditions for his proposed consulting business.  DelDebbio is not an expert, and as a lay witness his opinions would be based on hearsay and speculation.

Dr. Bancroft may testify concerning the average earnings of a software engineer over the relevant periods of time and to a present value of those earnings.  He may not testify concerning his calculation of projected lost earnings for DelDebbio; those numbers are based on the unsupported and doubly speculative assumption that DelDebbio will expect to earn approximately half

of what he expected to have earned pre-injury.

The Court is additionally concerned that DelDebbio's opposition to Blanchard's motion in limine was filed on the morning of trial, ten days after the Court-ordered deadline for filing his opposition of June 13, 2008.  In his opposition DelDebbio claims that Blanchard misunderstood the basis of Dr. Bancroft's opinion, drawing a distinction between Bancroft's assumption that DelDebbio would expect to earn approximately half of what he would have pre-injury, and Blanchard's characterization of this assumption as only being able to work half-time until retirement age.  Blanchard had no opportunity to reply to this late-filed opposition.  The failure to abide by a Court-ordered deadline, with resultant prejudice to the Defendant, supplies separate grounds for the sanction of excluding the Bancroft testimony that is based on the assumption that DelDebbio can now expect to earn approximately half of what he would have pre-injury.


Dated at Burlington, in the District of Vermont, this 25th day of June, 2008.


                                        /s/ William K. Sessions III
                                        William K. Sessions III
                                        Chief Judge
                                        U.S. District Court